**SIGNED.**

Dated: May 27, 2010



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| DAVID J. ZOOK, ) | CASE NO. 2:09-bk-05415-RJH |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| DAVID J. ZOOK, Debtor/Debtor-in- ) | ADVERSARY NO. 2:09-ap-00621-RJH |
| Possession, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM DECISION RE |
| WELLS FARGO BANK, N.A., a national ) | EFFECTIVE DATE FOR AVOIDANCE |
| banking association, ) | OF STRIPPED OFF LIENS |
| ) | |
| Defendant. ) | |
| _____) | |

The parties are in agreement that, at least as of the petition date, there was no value to extend to Wells Fargo's two second liens, one on the 53rd Street property and the other on the 68th Place property. And they agree that if those values are used, then the second liens may be "stripped off" by the Chapter 11 plan in this case pursuant to Bankruptcy Code §§ 506(a) & (d) and 1123(b)(5). They disagree, however, as to what would be the effective date of the avoidance of those liens if such a plan is confirmed and consummated and, depending on the appropriate answer to that issue, what is the proper date for a valuation of the property.

The Debtor relies primarily on Code § 1141 in support of his contention that the lien avoidance would occur either upon the confirmation of the plan or upon its effective date (which is usually no more than 14 or 30 days after entry of the confirmation order). The Bank argues from analogy to Code § 1325(a)(5)(B) that the avoidance should not occur until the

individual Chapter 11 debtor receives his discharge, which under § 1141(d)(5) is ordinarily not until the individual debtor completes all payments under the plan. The Bank also argues that the lien should remain in effect until the discharge in order to protect the Bank's right to reinstatement of the lien pursuant to Code § 349(b)(1)(C) in the event this case is dismissed before entry of a discharge, because otherwise the Debtor could sell or further encumber the property prior to the reinstatement of the Bank's lien.

The Bank makes a good point that avoidance of the lien at confirmation creates a risk that the Bank could not be fully protected by reinstatement of the lien pursuant to § 349(b)(1)(C) in the event of dismissal prior to discharge. But the plain language of the Code §§ 1141(a), (b) & (c) makes clear that the modification of a lien pursuant to a Chapter 11 plan occurs upon confirmation and is not dependent upon the making of all payments under the plan or the entry of a discharge. Moreover, although BAPCPA changed the rule for Chapter 13 cases by adding § 1325(a)(5)(B),[1] no similar change was made for Chapter 11. This distinction is particularly significant given that BAPCPA included specific provisions governing those aspects of Chapter 11 that were intended to be made analogous to Chapter 13 when the Chapter 11 debtor is an individual, most notably in § 1129(a)(15) and in § 1129(b)(2)(B)(ii).

At least in this Circuit, the law is clear that confirmation of a Chapter 11 plan replaces all prepetition obligations and liens with the terms of a confirmed plan, effective immediately upon confirmation.[2] And because this modification of prepetition liens occurs pursuant to confirmation of the plan, the lien avoidance occurs pursuant to § 1141 rather than pursuant to § 506(d). Although this issue is not ripe for decision on the present facts and circumstances, this would also seem to imply that § 349 does not reinstate a lien that has been

---

[1] The Court notes there are also arguments as to whether a lien strip pursuant to a plan might provide a basis for avoidance that is distinct from a purely § 506(d) avoidance, which might therefore render § 349(b)(1)(C) inapplicable, and whether a Chapter 13 debtor might be entitled to strip off a lien even if the debtor is not entitled to a discharge. *Compare In re Burnett*, 2010 W.L. 1507947 (Bankr. S.D. Cal. April 2, 2010), *with In re Picht*, 2010 W.L. 1768238 (10th Cir. BAP May 4, 2010). Given the resolution of this issue based on the language of § 1141, neither of these issues need be resolved here.

[2] *Hillis Motors, Inc. v. Hawaii Auto Dealers' Association*, 997 F.2d 581 (9th Cir. 1993).

avoided or modified as a result of confirmation of the plan, as at least one district court has concluded.[3]

Finally, this determination also resolves what is the appropriate date for determining the value of the property. It is the date of the confirmation hearing, as the Ninth Circuit has previously held with respect to Chapter 11 cases involving corporate debtors.[4]

The Debtor is therefore entitled to partial summary judgment on Counts 1 and 2 of its complaint, to the extent set forth in this memorandum decision. If this resolves the entirety of the complaint, Debtor's counsel may upload an appropriate form of final judgment. If this does not resolve the entirety of the complaint, this resolution is interlocutory and therefore this memorandum decision will suffice until final judgment is appropriate.

DATED AND SIGNED ABOVE

Copy of the foregoing e-mailed
this 27th day of May, 2010, to:

Daniel P. Collins, Esq.
Maureen P. Henry, Esq.
Collins, May, Potenza, Baran & Gillespie
dcollins@cmpbglaw.com
mhenry@cmpbglaw.com
Attorneys for Plaintiff

Jonathan P. Ibsen, Esq.
Ronald M. Horwitz, Esq.
Jaburg & Wilk, PC
jpi@jaburgwilk.com
jmc@jaburgwilk.com
Attorneys for Defendant

Jennifer P. Nore, Esq.
Snell & Wilmer, L.L.P.
jnore@swlaw.com
Attorneys for Defendant

/

/

---

[3] *United States v. Ramirez*, 291 B.R. 386, 392 (N.D. Texas 2002).

[4] *Liberty Nat'l. Entr. v. Ambanc LaMesa* Ltd. Ptshp., 115 F.3d 650 (9th Cir. 1997). *Accord, In re T-H New Orleans Ltd. Ptshp.*, 116 F.3d 790 (5th Cir. 1997). *But see In re Stembridge*, 394 F.3d 383 (5th Cir. 2004) (valuation of a vehicle in a chapter 13 case).

| | |
|---|---|
| 1 | Travis B. Hill, Esq.<br>Carson, Messinger, Elliott |
| 2 | thill@carsonlawfirm.com<br>Attorneys for Defendant |
| 3 | |
| 4 | /s/ Pat Denk<br>Judicial Assistant |
| 5 | |

4